IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ERIC McINTIRE                                                                                    PLAINTIFF

V.                                                                    CIVIL ACTION NO. 3:19-cv-261-NBB-JMV

HAMILTON BEACH                                                                              DEFENDANT

**MEMORANDUM OPINION**

This cause comes before the court upon the Motion to Dismiss filed by defendant Hamilton Beach Brands, Inc. ("HBB"),[1] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Upon due consideration, the court is ready to rule.

Factual Background

HBB employed plaintiff Eric McIntire as a forklift driver for approximately one year. About eleven months into his employment, plaintiff McIntire complained that another employee had threatened to do him bodily harm. HBB alleges it investigated the complaint but was unable to substantiate it. A month later, McIntire admitted to threatening the same employee he claimed had previously threatened him, and HBB terminated McIntire. On November 1, 2019, McIntire filed his complaint in this court, *pro se*, asserting that his termination was retaliation for making the original complaint to HBB. McIntire fails to allege, however, that his original complaint to HBB regarding the threat of bodily harm or his termination had anything to do with his race, gender, national origin, or any other characteristic protected by federal anti-discrimination laws. Based on this failure, the defendant now moves to dismiss pursuant to Rule 12(b)(6).

---

[1] HBB is improperly identified in the caption of the plaintiff's complaint as "Hamilton Beach."

Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Under Rule 12(b)(6), a court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 232-33 (5th Cir. 2009). The court is, however, not bound to accept as true legal conclusions couched as factual allegations. *Iqbal,* 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly,* 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand,* 565 F.3d at 255-57. If there are insufficient factual allegations to raise a right to relief above the speculative level or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly,* 550 U.S. at 555; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n.9 (5th Cir. 2007).

Analysis

To state a claim for retaliation under Title VII, a plaintiff must allege (1) that he engaged in protected activity; (2) he suffered an adverse employment action; and (3) a causal link existed

2

between the protected activity and the adverse action. *Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002). "Protected activity is defined as opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII." *Ackel v. Nat'l Communications, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003). The Fifth Circuit "has consistently held that a vague complaint, without any reference to an unlawful employment practice under Title VII, does not constitute protected activity." *Paske v. Fitzgerald*, 785 F.3d 977, 986 (5th Cir. 2015). Courts in the Fifth Circuit have consistently rejected retaliation claims that alleged only "hostile" conditions, "unfair treatment," or other grievances untethered to any legally protected activity. *See, e.g.*, *Richards v. JRK Prop. Holdings*, 405 F. App'x 829, 831 (5th Cir. 2010) (affirming dismissal of retaliation claim where plaintiff alleged she was terminated for failing to falsify government documents but made no allegation that said documents were connected to a Title VII investigation); *Moore v. United Parcel Serv., Inc.*, 150 F. App'x 315, 319 (5th Cir. 2005) (finding plaintiff's complaint that he was disqualified as a driver failed because it "did not oppose or protest racial discrimination or any other unlawful employment practice under Title VII").

Here, plaintiff alleges only that another employee threatened to do him bodily harm; plaintiff reported the employee; HBB did not discipline the employee; and at some point thereafter, HBB terminated plaintiff after he threatened the other employee. These allegations are insufficient to support a Title VII claim. Title VII "does not prohibit all verbal or physical harassment in the workplace." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998). Rather, it protects only those who are opposing discrimination based on race, national origin, religion, or sex. *Id.* Plaintiff's retaliation claim must, therefore, be dismissed. *See, e.g.*, *Jackson v. Parker Hannifin Corp.*, No. 2:10-cv-195-WAP-DAS, 2011 WL 1237627, at *2 (N.D.

Case: 3:19-cv-00261-NBB-JMV Doc #: 28 Filed: 09/30/20 4 of 4 PageID #: 92

Miss. Feb. 28, 2011) (dismissing *pro se* retaliation complaint in the absence of any allegation that "the plaintiff engaged in protected activity" or "attempted to exercise her rights under Title VII").

Conclusion

For the foregoing reasons, the court finds that the defendant's motion to dismiss is well taken and should be granted. A separate order in accordance with this opinion shall issue this day.

This 30th day of September, 2020.

    /s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE

4